Nash, C. J.
 

 There is no controversy between these parties as to the law governing the action. It is admitted by the plaintiff, that to entitle him to a recovery, he must show the existence of air express promise on the part of the defendant to pay to Mm his rateable proportion of the board of the teacher ; and in the argument here, the defence is put upon the ground that there was no evidence of any such promise, and that the jury ought to have been so instructed. It is entirely an error for the Court to submit to a jury the finding of a fact upon which no evidence has been given: it is doing a great injustice to the parties as well as to the jury.
 
 *12
 
 Their duty is to find the controverted fact upon the
 
 evidence
 
 .submitted to them. If there be no evidence, it is the duty ■of-the court so to instruct them ; but, if there be any evidence, the Court has no right to take the case from the jury, but is bound to submit it to them, with such instructions as it may require.
 

 No complaint is made, that, in the charge, an error is ■committed, and our inquiry is confined to the objection pressed here, and appearing, as is alleged, .upon the case.
 

 The plaintiff and defendant, with others, had engaged the services of John S. McEwen to teach a school in the neighborhood, giving him so much a scholar and boarding him. When met together, to fix where he was to board, the teacher insisted upon boarding with the plaintiff, as his house was near the school house. After some discussion, the defendant started off, observing, “ Well, money is an object with me; I would
 
 rather
 
 Mr. McEwen should board my part out with me, for at the end of the school that much Avould be paid,
 
 but do as you please about it; I must go.”
 

 When the terms of a contract are clear and explicit, its exposition is a matter of law; when they are ambiguous and uncertain, and depend upon the meaning and intention, to be gathered from the terms used, it is a matter of fact for the jury. To make a contract an express one, it is not necessary for the party to be bound, to have direct communication with the other party; he may become so bound by an agent, for the act of the agent will establish the privity required in law between the contracting parties. What, then, did the defendant mean in his concluding remarks, was a necessary inquiry by the jury, and the words themselves, together with those which preceded them, constituted the evidence fropr which the conclusion was to be drawn.
 

 His Honor, who tried the cause below, left the question to the jury, telling them the plaintiff must prove an express agreement on the part of the defendant; otherwise, he could
 
 *13
 
 not reco.ver; and that they would consider all the circumstances, and if from them they were satisfied that the defendant gave his assent- to the agreement made by the teacher and the other employers,, and the defendant ha.d agreed to pay the plaintiff the amount claimed, then the-plaintiff could recover ; in other words, that such agreement amounted to an express one. No. question was made but that the plaintiff had paid to MqEwen, the teacher, the-money due from the defendant. We are of opinion there-was evidence to go to the jury of an express promise, and. that the charge of the Court was free from error.
 

 Judgment affirmed.,